UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSH DONLEY,<br><br>             Plaintiff,<br><br>     vs.<br><br>THOMAS COOPER, SUSAN BRAIN and KATHY DANIEL<br><br>             Defendants. | NO.  CV-10-5013-LRS<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

BEFORE THE COURT is Plaintiff's First Amended Complaint.  Plaintiff, a prisoner at the Benton County Jail in Kennewick, Washington, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.  After review of the First Amended Complaint, the court finds it fails to cure the deficiencies of the initial complaint.

**RULE 11**

Plaintiff asserts he has filed no other lawsuits while a prisoner.  Court records, however, show Mr. Donley has filed at least nine cases in this District in 2010.  Therefore, Plaintiff's representation, under oath, that he has filed <u>no</u> prior lawsuits while a prisoner is not correct.  Plaintiff is advised, although he may be proceeding *pro se*, he is nevertheless governed by the Federal Rules of Civil Procedure, including Rule 11.

Rule 11(b) of the Federal Rules of Civil Procedure provides that when an unrepresented party presents a pleading or other paper to the court, the party is certifying to the best of his knowledge, information and belief, formed after reasonable inquiry, that: (1) the document is not being presented for an improper purpose, such as to harass

ORDER DISMISSING ACTION WITHOUT PREJUDICE -- 1

or cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, or other legal contentions therein are warranted by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law; and (3) the allegations and factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Plaintiff is cautioned that any future filings by Plaintiff must comport with the provisions of Rule 11. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996)(Rule 11 sanctions may be imposed against *pro se* litigant); *Walker v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994)(same).

## EXHAUSTION REQUIREMENT

Furthermore, a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir.2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir.2005). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Under *Woodford*, there must be proper exhaustion, which means following the steps set out in the grievance procedure. *Id.*

Mr. Donley admits on the face of his First Amended Complaint that he has not completed the grievance process available at the Benton County Jail. As previously advised, exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[E]xhaustion is mandatory under the PLRA and ... unexhausted claims cannot be brought in court."

ORDER DISMISSING ACTION WITHOUT PREJUDICE -- 2

*Porter v. Nussle*, 534 U.S. 516, 524 (2002).

An affirmative defense, such as exhaustion, may be grounds for dismissal for failure to state a claim when it is clear from the face of the complaint that exhaustion has not been accomplished. *See Jones v. Bock*, 549 U.S. 199, 215 (2007), citing with approval, *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)). *See also Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003) (indicating that *sua sponte* dismissal may be appropriate where the record is clear that prisoner conceded nonexhaustion). Because Plaintiff admits he has failed to exhaust his administrative remedies prior to bringing this action, it must be dismissed without prejudice.

Accordingly, **IT IS ORDERED** this action is **DISMISSED without prejudice** for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). **IT IS FURTHER ORDERED** all pending Motions are **DENIED as moot.**

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order, enter judgement, forward a copy to Plaintiff and close the file. The court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this ___20th___ day of April, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE